# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 27, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139742(53)(54)

_____

In re BRANDON GAVIN HANDORF, Minor.

_____

JOSEPH EBY and MARGO EBY,
          Petitioners-Appellants,

v

MONICA GRACE LABO and ERIC JAMES
LABO,
          Respondents-Appellees.

_____/

SC: 139742
COA: 290101
Livingston Probate Court:
06-009053-GM

On order of the Court, the motion to file brief amicus curiae is GRANTED. The motion for reconsideration of this Court's October 30, 2009 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously. Further, we wish to respond to a concern raised by petitioners and their amicus, the American Academy of Adoption Attorneys, that, in contravention of relevant provisions of the Adoption Code, the Court of Appeals' decision stands for the proposition that guardians cannot consent to adoption. Specifically, petitioners and their amicus argue that the decision ignores MCL 710.28(1)(a)(ii) and MCL 710.43(1)(a)(iii), which provide that a parent shall execute a release of rights or consent for adoption *except* when a guardian has been appointed. However, these provisions place a limit on a parent's right to consent to adoption after a guardian has been appointed; they do not provide an affirmative authorization for a guardian to unilaterally consent to adoption in the absence of a termination of parental rights. Consistent with the overall statutory scheme, a guardian may consent to adoption once she has "first obtained authority to execute the consent from the court that appointed the guardian," MCL 710.43(5), if (a) the parents' rights have already been terminated, MCL 710.41(1); (b) the parents consent to an adoption, MCL 710.26(1)(a); or (c) the parents have released their rights to the child and do not intend to exercise any parental rights over that child. MCL 710.44(6). The Court of Appeals' decision does nothing to alter the authority of a guardian, acting in loco parentis, to consent to a child's adoption in these situations.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 27, 2010 _____

d0120

_____
Clerk